# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF ARKANSAS
# HELENA DIVISION

**BRIAN A. HERNDON**                                                  **PLAINTIFF**

v.                       **CASE NO. 2:06-CV-00180 BSM**

**RICHARD B. FLOWERS and**
**DUTCH PARKER**                                                **DEFENDANTS**

## ORDER

Before the court are defendants' motion to strike, defendants' motion to dismiss for failure to join necessary and indispensable parties, plaintiff's motion for joinder of parties., and plaintiff's motion for continuance. Defendants' motions to dismiss and to strike are denied; and plaintiff's motions for joinder and for continuance are granted.

## I. BACKGROUND

Plaintiff's petition to quiet title was filed in the Lee County, Arkansas Circuit Court on July 19, 2006. The petition asserts that plaintiff is the owner of the following described property in Lee County, Arkansas:

> The fractional West One-Half (W½) of Section 23, Township Two (2) North, Range Six (6) East

The petition states that plaintiff acquired title to this property from the Arkansas Commissioner of State Lands on July 18, 2006, after title to the land was forfeited to the State in 1923 in the name of J.L. Savage. The petition also states that plaintiff subsequently learned that defendants "may be claiming some interest in the property and may be in possession of the property." The petition requests that title be confirmed, quieted, and vested

in plaintiff, and that any claims to the property by defendants be cancelled. In response, defendants not only claim they own the property but also claim that it lies on the eastern side of the Mississippi River in the state of Mississippi. They also object to subject matter jurisdiction.

On August 18, 2006, defendants removed the case to this court based on diversity, and it was assigned to Judge George Howard, Jr., who set the case for trial on September 17, 2007. The case was later reassigned to Judge Susan Webber Wright, who continued the case, upon plaintiff's motion, to August 6, 2007. In its motion to continue, plaintiff asserted that the boundary between Arkansas and Mississippi is the principal issue in the case and that it needed additional time to obtain historical data such as river maps to help resolve that issue.

The case was continued again on February 6, 2008, upon the filing of a joint motion, which noted that the case involves issues relative to the ownership of certain property located on the eastern side of the Mississippi River, which is claimed by plaintiff to be in the State of Arkansas and claimed by defendants to be in the State of Mississippi. The motion stated, *inter alia*, that the parties had been in contact with the Attorneys General of Arkansas and Mississippi regarding whether or not the respective states have an interest in the case, and that if the states had an interest in the issues, the original jurisdiction of the case would go to the United States Supreme Court. The motion also stated that plaintiff had learned that there were additional owners in Mississippi that claimed an interest in the subject property and that such persons needed to be made party defendants. The trial was reset for March 2,

2009.  Judge Wright denied defendants' motion for summary judgment on February 27, 2008.

On April 22, 2008, the case was reassigned to this court.  On February 4, 2009, the court granted plaintiff's unopposed motion for continuance, which detailed circumstances supporting the continuance, including the death of the spouse of plaintiff's counsel the previous month.  Trial was reset for the week of July 6, 2009.

## II.  JURISDICTION

Preliminarily, if the land at issue is located in Mississippi, this court does not have jurisdiction to decide this matter.  *See, e.g., Davis v. Anderson-Tully Co.*, 252 F. 681, 683 (8th Cir. 1918).  Similarly, if the issues involve the changing or establishing of the boundary line between sister states, or if the State of Arkansas and the State of Mississippi are joined as parties to this action, original jurisdiction likely lies with the United States Supreme Court.  *See* 28 U.S.C. § 1251 ("The Supreme Court shall have original and exclusive jurisdiction of all controversies between two ore more States."); *Uhlhorn v. U.S. Gypsum Co.*, 366 F.2d 211, 216-17 (8th Cir. 1966) (discussing the rule of thalweg, the rule of avulsion, and the island rule).

At least some issues regarding the boundary line between Lee County, Arkansas, and Tunica County, Mississippi, have been resolved by the United States Supreme Court.  *See Arkansas v. Mississippi*, 471 U.S. 377, 105 S. Ct. 2131, 85 L. Ed. 2d 400 (1985).  "The adjudication of a boundary between states by the Supreme Court of the United States is

controlling as to the situs of property as being within one state or the other and is binding upon parties litigant over titles to lands. *Iselin v. Meng*, 269 F.2d 345, 348 (5th Cir. 1959). The Eighth Circuit has held, however, that a district court has the power to determine whether land is within the Eastern District of Arkansas, and thus, whether the court has jurisdiction over the matter. *Uhlhorn*, 366 F.2d at 216.

## II.  MOTION TO DISMISS AND MOTION FOR JOINDER

Defendants filed a motion to dismiss on June 15, 2009, claiming plaintiff failed to join necessary and indispensable parties. Defendants state that the February 5, 2008, joint motion for continuance was filed, in part, to allow plaintiff time to amend his pleadings to add necessary and indispensable parties, but that plaintiff had failed to do so.

In response, plaintiff asserts that the court should not dismiss this case, but should grant the simultaneously filed motion for joinder of parties. Plaintiff states that defendants did not provide the identities of those persons who may have an interest in the property; and that he had to obtain their identities by title search in Tunica County, Mississippi. Plaintiff further states that defendants also failed to implead anyone as permitted by Federal Rules of Civil Procedure 19 and 20. Plaintiff contends that if the court determines that the case should be dismissed, the dismissal should be without prejudice, but notes that counsel for both parties have invested considerable time and money in the preparation of this case for trial, including obtaining and deposing expert witnesses.

In his motion for joinder of parties, plaintiff states that Richard B. Flowers, Jr., David Mattson Gregory Flowers, Campbell F. Melton, and Planters Oil Mill have or may claim some interest in the subject property, and in their absence, complete relief cannot be accorded among those already parties. Plaintiff further asserts that the state of Arkansas has a vital interest in the outcome of this case, as the action materially affects its boundary line. Plaintiff states that the Arkansas Attorney General has failed to join in this action although he has been asked to do so. Plaintiff requests a stay of the trial until these parties are joined as defendants, and that he be allowed to file an amended complaint and serve the parties.

Federal Rule of Civil Procedure 19(a) provides:

(1) Required Party. A person who is subject to service of process and whose joinder will not deprive the court of subject-matter jurisdiction must be joined as a party if:

> (A) in that person's absence, the court cannot accord complete relief among existing parties; or
>
> (B) that person claims an interest relating to the subject of the action and is so situated that disposing of the action in the person's absence may:
>
>> (i) as a practical matter impair or impede the person's ability to protect the interest; or
>>
>> (ii) leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest.

(2) Joinder by Court Order. If a person has not been joined as required, the court must order that the person be made a party. A person who refuses to join as a plaintiff may be made either a defendant or, in a proper case, an involuntary plaintiff.

(3) Venue.  If a joined party objects to venue and the joinder would make venue improper, the court must dismiss that party.

The matters addressed in the motions and responses should have been raised long ago as this case has been pending for almost three years.  Nevertheless, the court agrees that if Richard B. Flowers, Jr., David Mattson Gregory Flowers, Campbell F. Melton, and Planters Oil Mill have or may claim some interest in the subject property, they are indispensable parties and should be joined as defendants.  Plaintiff is ordered to serve process on these parties as expeditiously as possible to allow the case to move forward.

Furthermore, the parties are directed to provide notice of this case to the Attorneys General of Arkansas and Mississippi by delivering to them a copy of the complaint and this order.  Although the states of Arkansas and Mississippi are not properly before the court, it is requested that each submit a statement addressing whether they should be joined as parties. This will aid the court in resolving whether Arkansas and Mississippi are appropriate parties and whether this court has jurisdiction over this matter.

### III.  MOTION TO STRIKE

Defendants motion to strike Exhibit 35 and the testimony of Courtney Hurst and Charlie Little is denied because the case will be continued and defendants will have adequate time to review the exhibits and question the recently disclosed witnesses.

Accordingly, defendants' motion to strike (Doc. No. 47) is denied, defendants' motion to dismiss for failure to join necessary and indispensable parties (Doc. No. 48) is denied, plaintiff's motion for joinder of parties (Doc. No. 49) is granted as stated herein, and

plaintiff's motion for continuance (Doc. No. 53) is granted.  The court will issue a new scheduling order.

      IT IS SO ORDERED this 26th day of June, 2009.

                                                                                                _____
                                                                           UNITED STATES DISTRICT JUDGE